IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*, <br><br> Debtors. | : Chapter 11 <br> : <br> : Case No. 19-11466-KG <br> : <br> : |
| UNITED STATES OF AMERICA, <br><br> Appellant, <br> v. <br><br> CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*, <br><br> Appellees. | : <br> : Civ. No. 19-1711-RGA <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**ORDER**

WHEREAS presently before the Court is the Emergency Motion to Extend the Status Quo Provisions of Sale Order or, in the Alternative, for Reconsideration or Modification of the Order Granting Stay Pending Appeal (D.I. 20) ("Emergency Motion"), filed by the above-captioned Debtors, which the Court has considered together with the Joinder filed by Thomas Jefferson University Hospitals, Inc. ("Jefferson") (D.I. 24); the Opposition filed by the Commonwealth of Pennsylvania Department of Health ("DOH") (D.I. 25); the Opposition filed by appellant, the United States of America, on behalf of the Department of Health and Human Services, acting through its designated component, the Centers for Medicare & Medicaid Services ("CMS") (D.I. 26); and the supplemental letters filed by the parties today (D.I. 27, 28);

WHEREAS, on September 10, 2019, the United States Bankruptcy Court for the District of Delaware entered an order (B.D.I. 681)[1] ("Sale Order") which, *inter alia*, approved the Debtors' entry into a certain asset purchase agreement with Jefferson, acting on behalf of a consortium of non-profit entities, and authorized the Debtors to transfer Hahnemann University Hospital's

---

[1] The docket of the Chapter 11 cases, captioned *In re Center City Healthcare, LLC*, No. 19-11466 (KG) (Bankr. D. Del.), is cited herein as "B.D.I. ___."

graduate medical education program assets to Jefferson;

>WHEREAS, Paragraph 34 of the Sale Order provides, in relevant part:

>Notwithstanding the provisions of Fed. R. Bankr. P. 6004(h), 6006(d), and 7062, this Order shall be effective and enforceable (i) immediately upon its entry, with respect to the relief granted in this paragraph and (ii) seven calendar days following the time of its entry, as to all other relief. … With respect to the Pennsylvania Department of Health ("DOH"), the provisions of this paragraph 34 shall only apply to stay DOH (1) in its capacity as a state survey agency and/or (2) from taking any further steps in connection with the Debtor's closure process, or otherwise seeking the revocation, surrender and/or termination of the Debtor's hospital license, prior to September 30, 2019, unless otherwise ordered by the Court, it being understood that any party may request a hearing on shortened notice to seek relief from, or revisions to, the provisions of this paragraph 34.

(Sale Order, ¶ 34);

WHEREAS, on September 12, 2019, Appellant filed its notice of appeal with respect to the Sale Order, along with an Emergency Motion for Stay Pending Appeal (D.I. 4) ("Emergency Stay Motion");

WHEREAS, on September 16, 2019, the Court held a telephonic hearing on the Emergency Stay Motion and thereafter entered an order granting Appellant's request for a stay pending appeal (D.I. 17) ("Stay Order") for the reasons set forth on the record at the hearing (D.I. 26-1, 9/16/19 Hr'g Tr. at 58:13-70:3) ("Bench Ruling");

WHEREAS, on October 1, 2019, Debtors filed the instant Emergency Motion by which they seek entry of an order "restoring and modifying the injunctive relief originally entered by the Bankruptcy Court as set forth in Paragraph 34 of the Sale Order, so as to ensure that the Debtors are not unfairly and irreparably harmed by the stay pending appeal" or, alternatively, "(a) pursuant to Bankruptcy Rule 8007(b), entry of any order suspending or modifying the [Stay Order] to permit the Debtors and Jefferson to close immediately on the sale or otherwise ensuring that the Debtors' and Jefferson's ability to effectively close on the sale is not impaired by the delay arising from the stay pending appeal, or (b) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, reconsideration of the [Stay Order] to prevent manifest injustice, or (c) pursuant to Rule 60(b) of

2

the Federal Rules of Civil Procedure, relief from the [Stay Order] in light of changed circumstances" (D.I. 20 at 10);

WHEREAS, the changed circumstances identified by the Debtors in support of the Emergency Motion is a Closure Survey conducted by DOH and communications from DOH's counsel that the hospital's license could be revoked as early as October 1, 2019;

WHEREAS, absent modification of the Stay Order to extend provisions of the temporary stay imposed by the Sale Order, Debtors believe they will suffer irreparable harm: specifically, "if the hospital license is terminated by DOH, CMS will take steps to terminate Hahnemann's Medicare Provider Agreement so as to render impossible the Debtors' ability to close on the sale" (D.I. 20 at 9);

WHEREAS the Court has previously addressed and rejected this argument in its Bench Ruling on the Emergency Stay Motion:

> The Debtors also claim that the Pennsylvania Department of Health may revoke Hahnemann's license, which would irreparably harm the Debtors. If the Department of Health, however, is entitled to terminate Hahnemann's license because Hahnemann no longer operates, the termination of Hahnemann's license by the Pennsylvania Department of Health in bankruptcy would not be a preventable harm, but merely a state enforcing the law because the hospital does not meet the state's requirements.

(Bench Ruling, 67:22-68:5);

WHEREAS, upon consideration of the Emergency Motion, responses, and applicable law, and the Court finding no basis to grant modification or reconsideration of the Stay Order:

IT IS HEREBY ORDERED THAT the Emergency Motion (D.I. 20) is DENIED.

Entered this 4th day of October, 2019.   /s/ Richard G. Andrews
United States District Judge

3