**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PROSPECT DCMH LLC d/b/a
DELAWARE COUNTY
MEMORIAL HOSPITAL

     *Plaintiff,*

   v.

XAVIER BECERRA, in his official
capacity as Secretary of the United
States Department of Health and
Human Services,


     *Defendant.*

Civil Action No. 24-cv-04678-PD

**DEFENDANT'S RESPONSE TO THE STATEMENT OF MATERIAL
FACTS IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant this Court's Judicial Practice and Procedures regarding motions for

summary judgment, Defendant submits the following response in opposition to

Plaintiff's statement of facts in support of its motion for summary judgment:

1.  It is admitted that Plaintiff did business in this judicial district as

DCMH until November 7, 2022. Defendant is without information as to time

period Plaintiff believes is covered by its phrase "at all times relevant to this

action."

2.  It is admitted that, on May 21, 2024, Novitas Solutions, Inc.

1

("Novitas") sent a letter to Plaintiff notifying it of the termination of its Medicare enrollment and deactivation of billing privileges.  The letter is on dual CMS and Novitas letterhead and speaks for itself.  The remainder of this paragraph consists of Plaintiff's characterization of the May 21, 2024 letter and is denied.  Defendant is without information as to the date when Plaintiff received this letter.

3.      This paragraph consists of partial quotations from the May 21, 2024 termination letter.  Defendant respectfully refers the Court to that document, which speaks for itself, and denies the statements in this paragraph to the extent they are inconsistent with that document.

4.      Admitted except to clarify that CMS is an agency of the Department of Health and Human Services (HHS).

5.      Admitted that Plaintiff submitted a rebuttal to the May 21, 2024 termination letter by letter dated June 4, 2024.  The remainder of this paragraph consists of Plaintiff's characterization of its June 4, 2024 letter.  Defendant respectfully refers the Court to that document, which speaks for itself, and denies the statements in this paragraph to the extent they are inconsistent with that document.

6.      Admitted that Plaintiff's Exhibit E appears to contain an email from a member of the Pennsylvania Department of Health.  Defendant was not party to this email chain, which begins with an a "revised letter . . . updating the plans for

2

DCMH." *See* Email from H. Franklin dated Oct. 6, 2022. The "revised letter,"

however, is not attached to Plaintiff's Exhibit E. A member of the Pennsylvania

Department of Health responds on October 7, 2022, and notes that the revised

letter appears to "clear up any confusion." Because the subject line of this email

chain is "DCMH Cessation of Services Consolidation of Licenses," it appears to

relate to a state licensure issue, rather than to Plaintiff's enrollment in Medicare.

Accordingly, this exhibit is irrelevant to Plaintiff's termination from the Medicare

program effective approximately one month later, on November 7, 2022.

Defendant further denies Plaintiff's characterization of this email chain.

7.      Admitted that Novitas issued a rebuttal response on July 1, 2024.

The letter is on dual CMS and Novitas letterhead and speaks for itself. The

remainder of this paragraph consists of Plaintiff's characterization of the July 1,

2024 letter and is denied.

8.      Admitted that the retroactive effective date of Plaintiff's termination

was on November 7, 2022. The remainder of this paragraph consists of Plaintiff's

characterization of the Pennsylvania Department of Health's order and is denied.

9.      This paragraph concerns communications between Plaintiff and the

Pennsylvania Department of Health to which Defendant was not a party.

Defendant respectfully refers the Court to the referenced documents, which speak

for themselves, and denies the statements in this paragraph to the extent they are

inconsistent with those documents.

10.    Defendant is without information as to allegations in this paragraph, which are therefore considered denied.  Plaintiff fails to provide any data regarding the outpatient services it performed at the Hospital, such as the date and frequency of such services.  Plaintiff also does not allege that it notified Defendant of the closure of the Hospital before May 2024.

11.    Defendant is without information as to allegations in this paragraph, which are therefore considered denied.  Plaintiff's allegations concerning a potential sale of the Hospital should be disregarded, because its declarant lacks authority to discuss sale efforts in light of Plaintiff's bankruptcy.  Meanwhile, the declaration of debtors' Chief Restructuring Officer does not identify any prospective purchaser of the Hospital, much less any issue that the retroactive termination date might pose to a potential sale.  *See* D. Ex. 20.

12.    Admitted that, by Order dated December 23, 2024, the Pennsylvania Department of Health revoked the Hospital's license effective November 12, 2024. *See* D. Ex. 7.  Defendant respectfully refers the Court to the referenced document, which speak for itself, and denies the characterizations in this paragraph to the extent they are inconsistent with that document.

13.    Admitted that, on or about January 2, 2025, Novitas sent the Hospital a "Provider Payment Summary Report."  Defendant respectfully refers the Court to

the referenced document, which speak for itself, and denies the characterizations in

this paragraph to the extent they are inconsistent with that document.


Dated: February 5, 2025


Respectfully submitted,


JACQUELINE C. ROMERO

United States Attorney


/s/ Gregory B. David
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney
Eric.Wolfish@hhs.gov
(215) 861-4511


*Counsel for Defendant*


5