# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROSPECT DCMH LLC dba DELAWARE COUNTY MEMORIAL HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>DOROTHY FINK[1], Acting Secretary, United States Department of Health and Human Services,<br><br>Defendant. | Case No.: 2:24-cv-04678 |

**PLAINTIFF'S REPLY TO SECRETARY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary Dorothy Fink is automatically substituted as a defendant in place of her predecessor in office.

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Shalala v. Ill. Council on Long Term Care*,
   529 U.S. 1 (2000) ........................................................................................................4

*Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health &
   Hum. Serv*s.,
   2 F.4th 121 (3d Cir. 2021) ..........................................................................................4

## **Statutes**

Medicare Act ........................................................................................................................4

## **Regulations**

42 C.F.R.
   § 498 ............................................................................................................................2
   § 489.40 .......................................................................................................................3
   § 489.53 .......................................................................................................................3
   § 489.53(c)(1) .............................................................................................................2
   § 489.53(c)(3) .............................................................................................................2
   § 489.53(d) ..................................................................................................................2
   § 489.53(e) ..................................................................................................................2
   § 498.40 .......................................................................................................................2

This reply to the Secretary's February 5, 2025 memorandum in opposition (Doc. 17) is brief because the Secretary essentially repeats the arguments made in his original memorandum (Doc. 12), which DCMH refuted in its January 15, 2025 memorandum (Doc. 14-1).  For example, the Secretary continues to insist that DCMH lacks standing to challenge the final decision of the Secretary (more specifically, the final decision of Medicare contractor, Novitas) terminating DCMH from the Medicare program and deactivating its Medicare billing privileges **retroactively** beginning November 7, 2022.  The Secretary continues to do so even though he knows, and does not dispute, that Novitas has calculated Medicare overpayments of approximately three million dollars based solely on Novitas' retroactive May 21, 2024 decision.

However, rather than conceding that the overpayment constitutes a concrete injury-in-fact, the Secretary pivots to arguing that DCMH voluntarily terminated its Medicare provider agreement, yet it must nevertheless await judicial review of the purely legal challenge to the retroactive termination decision until it challenges any overpayments through an entirely separate administrative appeals process. The Secretary makes this jurisdictional argument even though he knows Novitas will defend its overpayment determinations by arguing that its retroactive May 21, 2024 decision terminated DCMH's right to bill Medicare for certain services effective November 7, 2022.  And, this putative administrative process would not

involve any other issue, and therefore would not remedy Novitas' invalid termination and deactivation decisions.

HHS nevertheless asserts that DCMH must await such an appeal process to challenge the Novitas' retroactive decision.  However, if CMS were to acknowledge that it was involuntarily terminating DCMH (which is incontrovertible), the contents of such an involuntary termination letter are required to identify a provider's administrative appeal rights under 42 C.F.R. § 489.53(e), per the process set forth in 42 C.F.R. § 498.40 *et seq.*  That process, unlike the overpayment appeals process, allows a provider to file an appeal with an administrative law judge of the Department of Health and Human Services, Departmental Appeals Board ("DAB") within 60 days of receiving the involuntary termination letter.[2]

This DAB appeal process under 42 C.F.R. Part 498 affords a provider notice and an opportunity to challenge the validity of the termination decision itself.  In contrast to this process of prompt review of the legal question by a DAB adjudicator with the power to reverse or amend Novitas' termination decision, the

---

[2] Importantly, 42 C.F.R. § 489.53(c)(1) requires that CMS "gives the provider notice of termination ***at least 15 days before the effective date of termination***[.]" (emphasis added).  Section 489.53(c)(3) instructs that the notice of termination "states the reasons for, and the effective date of, the termination, and explains the extent to which services may continue after that date."  Section 489.53(d) states that a provider may appeal the involuntary termination of its provider agreement by CMS in accordance with 42 C.F.R. Part 498.

Secretary here asserts that the drastically different (and years-long) four-level overpayment appeals process is the requisite path of administrative review DCMH must follow to contest its retroactive termination from Medicare.  Whereas the DAB possesses the authority to reverse the termination decision, routinely hears precisely this type of legal challenge, and could do so more promptly than the administrative process identified by HHS' counsel, HHS continues to tie itself in knots to deny DCMH this administrative review because admitting that this termination was involuntary would impair the termination's retroactive application.  Instead, Novitas/CMS has forcibly and retroactively imposed a "voluntary" termination of DCMH's Medicare provider agreement without notice to or from DCMH and without DCMH's consent or intent.

    DAB review would allow for prompt review of the legal question by an adjudicator with the power to reverse or amend Novitas' termination decision.  The administrative appeal process for overpayments is not an adequate replacement for what should have been provided to DCMH, but was not, because Novitas asserted that the termination was voluntary.  DCMH's present action clearly challenges the validity of the May 21, 2024 retroactive termination decision, which constitutes a final determination of the Secretary.  And, Novitas' final decision afforded DCMH no administrative appeal rights under 42 C.F.R. §§ 489.53 and 489.40 *et seq.*, thus entitling DCMH to judicial review as discussed in its January 15, 2025

memorandum (Doc. 14-1, pages 17-20 of 32).  If this Court sets aside Novitas' May 21, 2024 decision in its entirety or its retroactive effective date, most or all of the overpayments will go away, redressing, at least in part, DCMH's injury.

Here, however, if this Court does not assert jurisdiction, there will be no administrative or judicial review at all of Novitas' retroactive termination and deactivation decisions.  In short, DCMH has not failed to exhaust an administrative appeals process available to the Hospital to challenge the retroactive decision here.  To the contrary, DCMH was provided only one chance to rebut Novitas' May 21 and July 1, 2024 decisions – the right to submit a written rebuttal statement to Novitas, which DCMH did.  Neither Novitas nor CMS provided DCMH with any further administrative review rights to challenge its retroactive termination from the Medicare program.

As the court in *Temple* acknowledged, when the channeling requirement would not simply channel review through the agency, but would mean "no review at all," an exception must be made to allow judicial review under federal question jurisdiction.  *Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Serv*s., 2 F.4th 121, 131 (3d Cir. 2021) (quoting *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 19 (2000)).  Based on Novitas' actions and inactions, DCMH has no basis for further administrative review of Novitas' decision.  In such a situation, the channeling requirement of the Medicare Act is not applicable.

4

*See* Doc. 14-1, at 12-13 (pages 18-19 of 32).

This Court should also not delay review of the purely legal issues presented for review for other reasons. The due process and *ultra vires* challenges to Novitas' determinations are procedural challenges that are collateral to the substantive merits of the issue of whether there is a basis to impose a retroactive termination of DCMH's Medicare provider agreement and enrollment and whether there is a basis for deactivating DCMH's billing privileges retroactively.

In short, the Secretary (and/or Novitas) cannot unilaterally deprive this Court of jurisdiction by effectuating the May 21, 2024 decision through the issuance of an overpayment determination, which triggers yet another administrative appeal process. Instead, this Court should exercise its jurisdiction to determine whether the retroactive May 21, 2024 decision must be set aside for the reasons discussed previously.

On the merits, the Secretary spends most of his time in his memorandum attempting to persuade the Court to uphold Novitas' decision on the basis of "substantial evidence," a deferential standard of review. Doc. 17, pages 14-21 of 24. Notwithstanding these efforts, however, the undisputed fact is that Novitas' decision is tied to the State's November 4, 2022 order stopping DCMH from admitting new inpatients to the hospital beginning November 7, 2022. There was nothing voluntary about such action, no matter how much the Secretary tries to

5

characterize it as such.

In any event, even if there were some basis for supporting the May 21, 2024 decision under the substantial evidence standard, the decision must still be set aside because it was not authorized by the controlling statutes, violates DCMH's due process rights, and is arbitrary and capricious, as discussed by DCMH in its January 15, 2025 memorandum. Doc. 14-1, pages 22-31 of 32. The Secretary spends little time (Doc. 17, pages 20-23 of 24) discussing these bases for setting aside the decision.

As discussed previously, the controlling Medicare statutes simply do not affirmatively authorize a private contractor to terminate a provider's Medicare participation or deactivate billing privileges. The fact that the Secretary may use private contractors to perform some administrative duties does not mean the contractor has specific authority to terminate a provider's Medicare participation or billing privileges. And, in any event, the statutes and due process do not permit such a contractor from doing so on a retroactive basis and without notice. Moreover, nothing in the statute would allow a contractor from doing so without permitting the provider to have some meaningful opportunity to be heard before government adjudicators. The Secretary has provided no authority to the contrary.[3]

---

[3] On January 16, 2025, the undersigned informed the Secretary's counsel that DCMH and its affiliates had petitioned for bankruptcy. The petition does not stay proceedings in this case.

Based on the foregoing and the other memoranda and evidence on file in this matter, DCMH continues to request the Court to set aside the May 21, 2024 retroactive decision of Novitas.

Dated: February 12, 2025

/s/ Patric Hooper
Kelly A. Carroll (PA Bar No. 312621)
David Vernon (DC Bar No. 1030537)
(*admitted pro hac vice*)
HOOPER, LUNDY &
BOOKMAN, P.C.
401 9th Street, NW, Suite 550
Washington, D.C. 20004
(202) 580-7712
kcarroll@hooperlundy.com
dvernon@hooperlundy.com

Patric Hooper (CA Bar No. 57343)
(*admitted pro hac vice*)
HOOPER, LUNDY &
BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, CA 90067-2517
(310) 551-8111
phooper@hooperlundy.com

*Attorneys for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

Dated: February 12, 2025

                                        /s/ Patric Hooper
                                        Patric Hooper
                                        *Attorneys for Plaintiff*