IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROSPECT DCMH LLC dba DELAWARE COUNTY MEMORIAL HOSPITAL,<br><br>                Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, Secretary, United States Department of Health and Human Services,<br><br>                Defendant. | Case No.: 2:24-cv-04678 |

**PLAINTIFF'S SUPPLEMENTAL BRIEF**

On July 14, 2025, this Court ordered the parties to "file a brief addressing, inter alia, whether Plaintiff may still pursue this claim after filing for bankruptcy." Plaintiff previously informed the Court that it had petitioned for bankruptcy (*see* Plaintiff's February 12, 2025 Reply Brief, Doc. 18, footnote 3, page 8 of 10) and asserted that the filing of the petition "does not stay the proceedings in this case."

It is well established that the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does **not** extend to lawsuits initiated by a debtor. *See ACAndS, Inc. v. Travelers Cas. and Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) (the automatic stay is broad and "covers all proceedings **against a debtor**. . . .") (emphasis added). *See also Crosby v. Monroe Cnty.*, 394 F.3d 1328 (11th Cir.

2004); *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) (the automatic stay is inapplicable to suits by the debtor); *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1127 (D.C. Cir. 1989) (same).

Based on the foregoing, the instant case is not stayed by the automatic stay provision of the Bankruptcy laws. However, before closing, Plaintiff wishes to bring to the Court's attention a recent district court decision, *Elev8 Baltimore, Inc. v. Corporation for National and Community Service*, No. 25-cv-1458, 2025 WL 1865971, at *3 (D. Md. July 7, 2025) ("*Elev8*"), in which the court issued a preliminary injunction stopping the government from taking further action to dismantle AmeriCorps. Among other holdings, the district court followed the reasoning of the Ninth Circuit in *Am. Fed'n of Gov't Emps. v. Trump*, No. 25-3293, 2025 WL 1541714 (9th Cir. May 30, 2025), finding the court had subject matter jurisdiction to address statutory and constitutional claims raised by the plaintiffs in that case.

Applying the reasoning followed by the Supreme Court in *Bowen v. Massachusetts*, 487 U.S. 879 (1998), the district court in *Elev8* rejected the government's argument, similar to the government's argument here, that the court lacked jurisdiction to grant injunctive relief, because the case involved a suit for money and thus should have been decided under the Tucker Act. The district court

pointed out that the case involved equitable relief and not money damages.  *Elev8*, at \*\*12-14.  In the same decision, the district court, at \*\*15-16, also rejected the government's argument that the court should require "administrative channeling" of plaintiffs' claims based in part upon the Supreme Court's holdings in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207-13 (1994) and *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023). And, with respect to the challenges asserted under the APA, the district court confirmed that judicial review had to be presumed over the agency action at issue.  *See Elev8*, at \*\*18-19.

This latter holding is consistent with the June 20, 2025 decision of the Supreme Court in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2015 (2025), confirming the basic presumption of judicial review of agency action.  In doing so, the Supreme Court relied on, among others, its previous decision in *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986), holding that unless there is persuasive reason to believe that Congress intended to preclude judicial review, "this Court will not preclude review."

These recent decisions support the Court's asserting of jurisdiction in the instant case.

Dated: July 16, 2025

                              *s/Patric Hooper*
                              Patric Hooper (CA Bar No. 57343)
*Admitted Pro Hac Vice*
HOOPER, LUNDY &
BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, CA 90067-2517
(310) 551-8111
phooper@hooperlundy.com

Kelly A. Carroll (PA Bar No. 312621)
David Vernon (DC Bar No. 1030537)
*Admitted Pro Hac Vice*
HOOPER, LUNDY &
BOOKMAN, P.C.
401 9th Street, NW, Suite 550
Washington, D.C. 20004
(202) 580-7712
kcarroll@hooperlundy.com
dvernon@hooperlundy.com

*Attorneys for Plaintiff*

10208604.1                                                      4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

Dated: July 16, 2025

s/ Patric Hooper
Patric Hooper
*Attorneys for Plaintiff*
