## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PROSPECT DCMH LLC d/b/a
DELAWARE COUNTY
MEMORIAL HOSPITAL

*Plaintiff,*

v.

ROBERT F. KENNEDY, JR., in his
official capacity as Secretary of the
United States Department of Health
and Human Services,

*Defendant.*

Civil Action No. 24-cv-04678-PD

## DEFENDANT'S BRIEF IN RESPONSE TO
## THE COURT'S ORDER DATED JULY 14, 2025

## I.    INTRODUCTION

On July 14, 2025, the Court ordered to the parties to file a brief addressing whether Plaintiff "may still pursue this claim after filing for bankruptcy." Dkt. No. 19. Debtors' bankruptcy filings confirm that Plaintiff lacks Article III standing to challenge the termination of its Medicare provider agreement. Indeed, Debtors were unable to find a buyer for the Hospital, sought and obtained a court order to close *all* their Pennsylvania hospitals, and intend to wind-down and liquidate any remaining assets. Plaintiff has no concrete stake in challenging the termination of its provider

agreement, because its bankruptcy filings confirm that the Hospital decided to close in late 2022 and will remain closed.

## II.    RELEVANT BANKRUPTCY FILINGS

1.    On January 11, 2025, Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Northern District of Texas.  Plaintiff's filing is captioned *In re Prospect DCMH, LLC*, No. 25-80055-11 (Bankr. N.D. Tex.), and the jointly administered case involving over 90 related entities is captioned *In re: Prospect Medical Holdings, Inc.*, No. 25-80002 (Bankr. N.D. Tex.).

2.    On January 13, 2025, Debtors filed the declaration of their Chief Restructuring Officer in support of their chapter 11 petitions.  No. 25-80002, Dkt. No. 41 (*see also* D. Ex. 20).   The declaration notes that Debtors own four Pennsylvania hospitals: Crozer-Chester Medical Center, Springfield Hospital, Taylor Hospital, and Delaware County Memorial Hospital.  *Id.* at 9.  The declaration describes various attempts to sell or transition the Pennsylvania hospitals, which failed for various reasons, and notes that marketing efforts are ongoing.  *Id.* at 29-30.   The declaration does not mention the termination of Plaintiff's provider agreement, much less assert that the termination had any impact on sale efforts.

3.    On March 6, 2025, Debtors filed an emergency motion for entry of an order approving the closure of the Pennsylvania hospitals.  No. 25-80002, Dkt. No. 882.  Debtors' motion states:

> In 2022, following significant marketing efforts, the Debtors entered into an agreement to sell the Pennsylvania Hospitals. Unfortunately, negotiations fell apart six months later, and **the Debtors instead made the decision to close Delaware County Memorial Hospital** . . . .

*Id.* at 3 (emphasis added).  Accordingly, it is *undisputed* that the Hospital closed in late 2022, around the time when the Secretary found that the Hospital voluntarily terminated on November 7, 2022.  The motion then describes the mounting losses at the Pennsylvania hospitals and seeks "approval of a safe and expeditious closing process." *Id.* at 4.

4.      On April 21, 2025, Debtors filed a supplement to their motion to close the Pennsylvania hospitals.  No. 25-80002, Dkt. No. 1574.  Debtors noted that alternatives to closure had proven unsuccessful and sought authorization to close the Pennsylvania hospitals. *Id.* at 2-3.

5.      On April 23, 2025, the bankruptcy court granted Debtors' motion to close the Pennsylvania hospitals.  No. 25-80002, Dkt. No. 1613 at 15.

6.      On May 23, 2025, Debtors filed their Joint Chapter 11 Plan (No. 25-80002, Dkt. No. 2094) and Disclosure Statement (Dkt. No. 2095).  According to the Disclosure Statement, "The Debtors intend to sell all or substantially all of their assets pursuant to section 363(f) of the Bankruptcy Code prior to and in connection with confirmation of the Plan. Subsequent to confirmation, the Debtors intend to enter the next phase of these Chapter 11 Cases, which involves the (i) wind-down of the Debtors; and (ii) the liquidation of the Debtors' remaining assets." *Id.* at 7.

7.     On May 30, 2025, the Patient Care Ombudsman filed a final report on the Pennsylvania hospitals.  No. 25-80002, Dkt. No. 2151-3.  The Ombudsman noted that Delaware County Memorial Hospital and Springfield Hospital closed in 2022, and that Crozer-Chester and Taylor closed recently.  *Id.* at 2.

## III.   <u>ARGUMENT</u>

The admissions and events during the bankruptcy further show that the termination of Plaintiff's provider agreement did not cause any concrete injury.  The Complaint fails to allege any injury, and Plaintiff does not dispute that its sole declarant lacks authority to speak on its behalf in light of the bankruptcy filing.  *See* Dkt. No. 17 at 6-7.  Meanwhile, *none* of the relevant bankruptcy filings mention the termination of Plaintiff's provider agreement, much less assert that the termination caused any injury.  Instead, Debtors admit that they "**made the decision to close Delaware County Memorial Hospital**" in late 2022.  Dkt. No. 882 at 3 (emphasis added).  The bankruptcy filings also show that the Hospital has no plan to reopen, but will instead be wound down and liquidated.  Accordingly, Plaintiff has not—and cannot—identify any injury caused by the termination of its provider agreement.  Nor can Plaintiff show that any purported injury would be redressed by a favorable ruling, because a permanently shuttered hospital has no interest in billing Medicare.

In the alternative, summary judgment should be granted in the Secretary's favor.  Debtors' admission that they decided to close the Hospital around the same

time that CMS found that there had been a "cessation of business" is sufficient to show that CMS's determination was not erroneous.  Dkt. No. 882 at 3; *see* 42 C.F.R. § 489.52(b)(3).

## IV.  **PLAINTIFF'S SUPPLEMENTAL BRIEF IS INAPPOSITE**

Devoting only a single paragraph to the narrow issue posed by the Court,[1] Plaintiff's Supplemental Brief attempts to relitigate subject matter jurisdiction after this issue has been fully briefed.  Dkt. No. 20.[2]  The Complaint alleged three bases for subject matter jurisdiction—federal question, mandamus, and *Thunder Basin*. Dkt. No. 1 ¶ 3.  Defendant argued that Plaintiff bears the burden to establish subject matter jurisdiction, and that each basis was inapplicable.  *See* Dkt. No. 12 at 23-26, Dkt. No. 17 at 10.  Plaintiff defended federal question and mandamus jurisdiction, but waived *Thunder Basin* jurisdiction by failing to address it.  *See* Dkt. No. 13 at 11-14; Dkt. No. 18 at 4-5.  Meanwhile, the cases cited in Plaintiff's Supplemental Brief do not concern federal question or mandamus jurisdiction and are thus inapposite.  None of Plaintiff's cited cases stand for the proposition that a Court should presume the existence of subject matter jurisdiction in the face of a defective Complaint.

---

[1] Defendant agrees that the automatic stay is inapplicable.

[2] Because Plaintiff has failed to established Article III standing, the Court need not reach the issue of subject matter jurisdiction.

**V.    <u>CONCLUSION</u>**

For the foregoing reasons, the Secretary respectfully requests that the Court

grant his motion to dismiss with prejudice

Date: July 18, 2025

                              Respectfully submitted,

                              DAVID METCALF

                              United States Attorney

                              <u>/s/ Gregory. B David    </u>
                              GREGORY B. DAVID
                              Assistant United States Attorney
                              Chief, Civil Division

                              <u>*/s/ Eric S. Wolfish*    </u>
                              ERIC S. WOLFISH
                              Special Assistant United States
                              Attorney
                              Eric.Wolfish@hhs.gov
                              (215) 861-4511

                              *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the

foregoing to be served on all counsel of record via the Court's CM/ECF system.


*/s/ Eric S. Wolfish*
Eric S. Wolfish

*Counsel for Defendant*