**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PROSPECT DCMH LLC,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 24-4678** |
| | : | |
| **ROBERT F. KENNEDY, JR.,** | : | |
| **Defendant.** | : | |

## O R D E R

Plaintiff Delaware County Memorial Hospital proceeds against the Secretary of Health and Human Services, protesting its termination as a Medicare provider and loss of Medicare billing privileges.  (Doc. No. 1.)  Because DCMH lacks standing, I will grant the Government's Motion to Dismiss.  (Doc. No. 7); Fed. R. Civ. P. 12(b)(1).

## I.    BACKGROUND

I set out here the facts as alleged as well as those jurisdictional facts that are undisputed. (Docs. No. 1, 7, 8, 9.)

DCMH, a now closed Pennsylvania entity, sues Secretary Kennedy in his official capacity, invoking federal question and diversity jurisdiction.  28 U.S.C. §§ 1331, 1361.  The United States is thus the actual defendant here.  See Lewal v. Ali, 289 Fed. App'x 515, 516 (3d Cir. 2008) ("An action against government officials in their official capacities constitutes an action against the United States.").

As alleged, on May 21, 2024, Novitas Solutions, a Medicare Administrative Contractor, unilaterally terminated DCMH's Medicare enrollment and deactivated its Medicare billing privileges.  (Doc. No. 1 at 6-8.)  This termination had a retroactive effective date of November 7, 2022.  (Id.)  Novitas stated that the Pennsylvania Department of Health had notified Novitas that DCMH had "voluntarily" terminated its Medicare provider agreement by closing the hospital.  (Id.)

DCMH contended that this conclusion was erroneous and submitted a "rebuttal" to Novitas challenging the decision, which Novitas rejected.  (Id.)

DCMH then filed the instant lawsuit, which the Government moves to dismiss for lack of jurisdiction.  (Docs. No. 1, 12.)  In opposing the Government's motion, DCMH also moved for summary judgment.  (Docs. No. 13, 14.) Four days before filing that motion, however, DCMH filed for Chapter 11 bankruptcy in the Northern District of Texas—a development that DCMH omitted from its pleadings until after the Government raised it.  (Docs. No. 17, 18.)  The matter is fully briefed.  (Docs. No. 20, 21.)

## II.    STANDARD OF REVIEW

I must dismiss if the Court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  I must first determine if a Rule 12(b)(1) motion to dismiss for lack of jurisdiction "presents a 'facial' attack or a 'factual' attack on the claim at issue."  Const. Party v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014).  Because the Government "attacks allegations underlying the assertion of jurisdiction in the complaint," its Motion is properly understood as a "factual challenge" to subject-matter jurisdiction.  Hartig Drug Company Inc. v. Senju Pharmaceutical Co., 836 F.3d 261, 268 (3d Cir. 2012)

Accordingly, I am "free to weigh the evidence and satisfy [myself] as to the existence of [my] power to hear the case."  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  I may also consider those documents and affidavits that include jurisdictional facts. See Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) ("[A] court may weigh and consider evidence outside of the pleadings.").  Moreover, "[u]nlike Rule 12(b)(6), under which a defendant cannot contest the plaintiff's factual allegations, Rule 12(b)(1) allows a defendant to attack the allegations in the complaint and submit contrary evidence in its effort to show that the

court lacks jurisdiction." Hartig Drug Co. Inc., 836 F.3d 261, 273 n.14 (3d Cir. 2016).

### III.    DISCUSSION

DCMH alleges that Novitas' decision to terminate the hospital's Medicare privileges was unlawful and asks me to grant "injunctive, and mandamus relief." (Doc. 1 at 1.) The Government counters that DCMH lacks standing because it has not made out an actual injury traceable to Novitas' decision. (Doc. No. 7 at 8-11.) I agree.

"Standing is an 'irreducible constitutional minimum.'" Road-Con, Inc. v. City of Phila., 120 F.4th 346, 354 (3d Cir. 2024) (quoting Uzuegbunam v. Preczewski, 592 U.S. 279, 285 (2021)). To establish standing, "a plaintiff must establish three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant ... (3) that is likely redressed by a favorable judicial decision." Yaw v. Delaware River Basin Comm'n, 49 F.4th 302, 310 (3d Cir. 2022) (citing Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)).

As "the party invoking federal jurisdiction," DCMH "bears the burden of establishing these elements." Lujan, 504 U.S. at 561. It has not met its burden.

In its Complaint, DCMH makes only fleeting references to the "sanctions" Novitas has imposed, without ever specifying what those sanctions are. In its rebuttal letter—attached as an exhibit to the Complaint—DCMH elaborated:

> [A] retroactive effective date [of Medicare termination] to November 7, 2022, as currently contemplated by CMS, would be financially catastrophic, as DCMH has provided medically necessary hospital services to its patients, and any form of recoupment would be financially devastating.

(Doc. No. 1-2 at 6.) Yet, DMCH nowhere alleges that CMS has since moved to recoup any overpayment or that such recoupment is imminent. See Clemens v. ExecuPharm Inc., 48 F.4th 146, 152 (3d Cir. 2022) ("With regard to the injury-in-fact prong, the injury must be 'actual or imminent, not "conjectural" or "hypothetical."'" (quoting Lujan, 504 U.S. at 561)). Moreover,

because DMCH's bankruptcy proceeding is ongoing, the automatic stay bars CMS from seeking recoupment, at least presently.  11 U.S.C. § 362; see also In re W.R. Grace & Co., 475 B.R. 34, 178 (D. Del. 2012) (Debtor protected by automatic stay lacked standing because it "was presently immune from incurring additional liability").  Finally, even if CMS were to attempt recoupment, DMCH would first be required to challenge that decision through the administrative process.  See Padda v. Becerra, 317 F.4th 1376, 1379-80 (8th Cir. 2022).  Accordingly, CMS's hypothetical recoupment action at some future time does not make out a concrete injury to DMCH.

DMCH's other alleged injury is even less concrete.  In a declaration supporting its summary judgment motion, DCMH's CEO urged that any looming recoupment action would leave DCMH "unable to proceed with efforts to sell the hospital to a non-profit organization."  (Doc. No. 14-2 at 5.)  Yet, Chief Restructuring Counsel for DMCH recently: 1) acknowledged that the Hospital already has outstanding property tax obligations of approximately $20 million, and 2) moved to abandon the property to allow state taxing authorities to foreclose on it.  In re Prospect Medical Holdings, Inc., No. 25-80002 (Bankr. N.D. Tex.) (ECF No. 2626).  Restructuring Counsel also confirmed that the Hospital is closed.  Id.  Accordingly, to the extent that DMCH pleads an injury to its sale prospects or future ability to bill to Medicare, those claims are now moot.

**CONCLUSION**

DMCH—a closed, bankrupt hospital—seeks injunctive and mandamus relief to stop a CMS recoupment action that may never occur.  In these circumstances, I must dismiss the Hospital's hypothetical and moot claims for want of subject-matter jurisdiction.  Accordingly, I will grant the Government's Motion and dismiss the Complaint.

***

**AND NOW**, this 4th day of August, 2025, upon consideration of Plaintiff's Complaint (Doc. No. 1), Defendants' Motion to Dismiss (Doc. No. 12), the Parties' Responses (Docs. No. 13, 14, 18, 18, 20, 21), and all relevant submissions, it is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 12) is **GRANTED**.

2. Plaintiff's claims are **DISMISSED without prejudice**.

3. The Clerk of Court **SHALL** close this case.


                                        **AND IT IS SO ORDERED.**


                                      */s/ Paul S. Diamond*
                                      Paul S. Diamond, J.